**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ) | |
| **MIGUEL PEREZ VELAZQUEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **12-11926-FDS** |
| ) | |
| **OLD COLONY CORRECTIONAL** ) | |
| **CENTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

For the reasons stated below, the Court will (1) grant plaintiff's motion for leave to

proceed *in forma pauperis*; (2) direct plaintiff to file an amended complaint; (3) dismiss the

claim against one defendant; and (4) deny the motions for an interpreter and for appointment of

counsel.

**I.      Factual Background**

Miguel Perez Velazquez is incarcerated at the Old Colony Correction Center ("OCCC").

He has filed a civil rights action in which he alleges that he was injured at OCCC when he

slipped on a wet floor in May 2012.  He also alleges that he was denied adequate medical

treatment and accommodations for his injuries.  The factual allegations of his brief, two-page

complaint consist of the following:

> 6) In May of 2012, the plaintiff slipped and fell exiting his jail cell on a wet floor
> that is a result of a seepage problem coming from the wall between the shower
> area and resident hall area.

> 7) The water seepage problem has been ongoing and repaired several times by the

O.C.C.C. Maintennance [sic]  Department without success.

8) The Plaintiff prays for relief in the amount of $30,000 in compensation and punative [sic] damages for an Eighth Amendment Claim under 42 U.S.C. § 1983.

9) For the A.D.A. Section 11 Claim[1] the plaintiff seeks $20,000 along with medical relief consisting of: Proper medication, placement in Handicapped Access Cell, and comprehensive medical treatment for injured back and leg resulting from fall.

Compl. ¶¶ 6-9.  Velazquez names as defendants Geri Riendeau, the Director of Health Services at OCCC; Dr. Rebecca Lubelcyzk, a primary-care physician at OCCC; and, Stan Galas, a former nurse practitioner at OCCC.  However, Velazquez does not identify any specific conduct by these parties.  Velazquez also identifies OCCC as a defendant.

Velazquez also seeks leave to proceed *in forma pauperis*, appointment of an interpreter, and appointment of counsel.

## II.     Analysis

### A.      Motion to Proceed *In Forma Pauperis*

Upon review of plaintiff's motion for leave to proceed *in forma pauperis* and the accompanying prison account statement, the Court concludes that plaintiff lacks fund to prepay the filing fee.  The Court will therefore grant the motion.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court will assess an initial partial filing fee of $39.12.  The remainder of the fee, $310.88, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

---

[1] The Court assumes that Velazquez is referring to Title II of the Americans With Disabilities Act of 199, 42 U.S.C. § 12131 *et seq.*, which prohibits disability discrimination by all public entities at the local and state level.

B.    **Screening of the Complaint**

1.    **Court's Authority to Screen the Complaint**

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee,

summonses do not issue until the Court reviews the complaint and determines that it satisfies the

substantive requirements of 28 U.S.C. § 1915.  Similarly, under 28 U.S.C. § 1915A, prisoner

complaints in civil actions that seek redress from a governmental entity or officers or employees

of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize

federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious,

fail to state a claim on which relief can be granted, or seek monetary relief against a defendant

who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In

conducting this review, the Court liberally construes the complaint because plaintiff is

proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

2.    **Rule 8(a) of the Federal Rules of Civil Procedure**

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2),

include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests."  *Calvi v. Knox County*, 470

F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*,

367 F.3d 61, 66 (1st Cir.  2004)).  This means that the statement of the claim must "at least set

forth minimal facts as to who did what to whom, when, where, and why."  *Id.* (quoting

*Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal

requirements are not tantamount to nonexistent requirements."  *Id.* (quoting *Gooley v. Mobil Oil*

3

*Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

Where, as here, a claim is brought under 42 U.S.C. § 1983, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005).[2]  In other words, a supervisor may not be liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have actually participated in the alleged misconduct. *Id.*  Therefore, plaintiff must allege specific conduct by a defendant such that the Court may reasonably infer that the defendant was directly involved in a deprivation of federal rights.

Here, plaintiff has not complied with Rule 8(a), because he has not identified any misconduct by Director Riendeau, Dr. Lubelcyzk, or Nurse Practitioner Gales.  Because of the job titles of the defendants, the Court may guess that plaintiff believes defendants had some role in the alleged failure to treat him properly for his injuries.  However, neither the Court nor defendants may resort to pure speculation to ascertain plaintiff's claims.  It is also unclear whether plaintiff is trying to hold the individual defendants responsible for the prison conditions that led to his fall.  Plaintiff must clearly allege what he believes each defendant did wrong.

Further, plaintiff's allegations of inadequate medical treatment are merely cursory.  He does not offer any allegations concerning the treatment that he actually received and the treatment that he believes he should have received.  He does not identify a basis for his need for a handicapped-accessible cell or any hardship he has experienced or is experiencing because he was denied such housing.

_____

[2] Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.

### 3.   OCCC as a Defendant

Plaintiff names OCCC as a defendant.  OCCC is merely a building and therefore is not an entity subject to suit.  *See, e.g.*, *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001) (per curiam); *Johnson v. Johnson*, 2008 WL 2421722, at *3 (E.D. Tenn. June 12, 2008); *Prentice v. Jones*, 2007 WL 1141595, at *2 (N.D. Ind. Apr. 16, 2007); *Larry v. Goetz*, 2006 WL 1495784, at *3 (W.D. Wis. May 18, 2006); *Mardsen v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).  The Court will therefore dismiss OCCC as a defendant.

### 4.   Title II of the Americans with Disabilities Act of 1990

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.   The statute defines "public entity" to include "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State . . . or local government."  42 U.S.C. § 12131(1).  Although this term does include state prisons, *see Penn. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998), an individual sued in his or her individual capacity is not a "public entity" and therefore not liable under Title II of the Americans with Disabilities Act.  *See Wiesman v. Hill*, 629 F. Supp. 2d 106, 112 (D. Mass. 2009).  To the extent that plaintiff brings claims under Title II of the ADA against the individual defendants in their individual capacities, the complaint fails to state a claim upon which relief can be granted.

### 5.   Amendment of the Complaint

If plaintiff would like to pursue this action, he must file an amended complaint that cures

the pleading deficiencies noted above.  While he does not need to submit a lengthy pleading, the

complaint must identify with much more specificity the alleged role of each defendant.  Because

an amended complaint completely replaces the original complaint, *see Connectu LLC v.*

*Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), plaintiff should repeat in the amended complaint

any allegations in the original complaint that he wishes to be part of the operative complaint.

### C.    Motion for an Interpreter

In his motion for an interpreter, plaintiff represents that he is unable to speak English and

has little English comprehension.  He asks that an interpreter be provided for him for any Court

appearances.  Unlike criminal proceedings, no Court funds are available for interpreters in

actions under § 1983.  Therefore, the Court must deny the motion.

### D.    Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any

person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a

constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir.

1991).  To qualify for appointment of counsel, a party must be indigent and exceptional

circumstances must exist such that the denial of counsel will result in fundamental unfairness

impinging on the party's due process rights.  *See id.*  To determine whether there are exceptional

circumstances sufficient to warrant the appointment of counsel, a court must examine the total

situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's

ability to represent himself.  *See id.* at 24.

Here, because plaintiff has not properly pleaded his claims and the defendants are not yet

required to respond to the complaint, the Court cannot yet determine whether this case presents

exceptional circumstances that would justify the appointment of *pro bono* counsel.  The Court

will therefore will deny without prejudice the motion for appointment of counsel.  Plaintiff may

renew the motion after defendants have been required to respond to the complaint and in fact do

respond.

### III.    Conclusion

For the foregoing reasons,

1.    The motion for leave to proceed *in forma pauperis* is GRANTED.   Pursuant to

28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $39.12.  The remainder

of the fee, $310.88, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk

shall send a copy of this Order to the treasurer of the institution having custody of the plaintiff.

2.    If the plaintiff would like to proceed with this action, he must, within 42 days of

the date of this memorandum and order, file an amended complaint that cures the deficiencies

noted in this memorandum and order.

3.    OCCC shall be dismissed as a defendant in this action.

4.    The motion for an interpreter is DENIED.

5.    The motion for appointment of counsel is DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  March 1, 2013